IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>KAMESHA DAVIS  )<br>)<br>Defendant.  ) | CIVIL ACTION<br><br>FILE NO. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW plaintiff Travelers Property Casualty Insurance Company ("Travelers") and, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, hereby files its complaint for declaratory judgment, respectfully showing to the Court as follows:

**Parties, Jurisdiction and Venue**

1.

Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and principal place of business in Hartford, Connecticut. Travelers is a citizen of Connecticut.

2.

Defendant Kamesha Davis is a resident and citizen of Sumter County, Georgia, who may be served at 405B Bessie Mays Circle, Americus, Georgia 31709, or through her attorney, Brandi Allday, The Mike Hostilo Law Firm, 33 Park of Commerce Boulevard, Savannah, Georgia, 31405.  Davis is subject to the jurisdiction and venue of this Court.

3.

Davis has previously demanded the $100,000 uninsured motorist bodily injury liability limit of the Travelers policy at issue to settle her claim for uninsured motorist benefits.  Thus, the amount in controversy exceeds $75,000.

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) Travelers and defendant are citizens of different states, and (b) the value of the matter in controversy, exclusive of interest, exceeds the requisite jurisdictional amount.

5.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), in that this action is brought in the district in which defendant resides.

## Cause of Action

6.

Travelers brings this action to determine whether Davis is entitled to uninsured motorist ("UM") coverage pursuant to a policy of insurance issued to her mother, Theresa Davis, for a motor vehicle accident that occurred on December 25, 2020, in Sumter County, Georgia.

7.

On December 25, 2020, Davis was operating a 2011 Hyundai Sonata when she was involved in a motor vehicle accident with a vehicle operated by Lydia Torres and owned by Brianna L. Torres (the "December 25, 2020, accident").

8.

On December 22, 2022, Davis filed suit against Lydia Torres and Brianna L. Torres in the State Court of Sumter County, Georgia, seeking to recover for injuries allegedly sustained in the December 25, 2020, accident. In her complaint, Davis alleges that Lydia Torres negligently caused the accident, and that Brianna Torres negligently entrusted a vehicle to her.

9.

The lawsuit filed by Davis against Lydia Torres and Brianna Torres is presently pending in the State Court of Sumter County, Georgia, as Case

Number 22SV00115, styled *Kamesha Davis, plaintiff, v. Lydia Torres and Brianna L. Torres, defendants* ("The Underlying Action").

10.

A true and correct copy of the complaint filed in the Underlying Action is attached hereto as Exhibit A.

11.

Davis has served Travelers in the Underlying Action as her alleged UM insurance carrier.

12.

At the time of the December 25, 2020, accident, Lydia Torres and Brianna Torres were insured under a policy of auto liability insurance issued by Geico Indemnity Company ("Geico"), which provided per-person bodily injury liability limits of $25,000.

13.

Prior to filing the Underlying Action, Davis reached agreement with Geico to settle her claims against Lydia Torres and Brianna Torres in return for the payment of the $25,000 bodily injury liability limit under the Geico policy, and executed a limited liability release.

14.

Davis contends that she is entitled to UM benefits for injuries allegedly sustained in the December 25, 2020, accident pursuant to a policy of motor vehicle insurance issued by Travelers to her mother, Teresa Davis, Policy No. 600882740 203 1, effective June 30, 2020, to June 30, 2021 ("The Travelers Policy"). A true and correct copy of the Travelers Policy is attached hereto as Exhibit B.

15.

The Travelers Policy provides uninsured motorists bodily injury add-on coverage in the amount of $100,000 each person, $300,000 each accident.  Davis has demanded that Travelers pay its $100,000 limit of liability for her injuries allegedly arising out of the December 25, 2020, accident.

16.

The issue to be determined in this declaratory judgment action is whether Davis qualifies as an "insured" under the Travelers Policy. If Davis does not qualify as an "insured" as defined by the policy, she is not entitled to UM benefits under the Travelers Policy for her claims arising out of the December 25, 2020, accident.

17.

The Travelers Policy provides, in pertinent part, as follows:

Insuring Agreement

> We will pay compensatory damages, in excess of any deductible that applies to this coverage as shown in the Declarations, which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" or "property damage":
> 1. Sustained by an "insured"; and
> 2. Caused by an accident.

18.

The Travelers Policy further provides:

> As used in this Coverage Section:
>
> A. "Insured" means:
>
> 1. You or any "resident relative".
> 2. Any other person who is using with expressed or implied consent, or who is a quest "occupying", "your covered auto".
> 3. Any person for damages that person entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

19.

The Travelers Policy also contains certain definitions which are relevant to the issues to be decided in this action. The Travelers policy defines "resident relative" as follows:

> J.  "Resident relative" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child. Your unmarried dependent children, wards, and foster children while temporarily away

from home will be considered residents if they intend to resume residing in your household.

20.

The Travelers policy defines "Your covered auto" as follows:

L.   "Your covered auto" means:

1. Any vehicle shown in the Declarations.
2. A "newly acquired auto".
3. Any "trailer" you own.
4. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

21.

The Travelers Policy defines "You" and "your" as "[t]he single 'named insured' shown in the Declarations."

22.

Davis is not the Named Insured shown in the Declarations to the Travelers Policy. Instead, as shown in the Declarations, the Named Insured is Theresa Davis. Therefore, defendant Davis does not meet the policy definition of "you."

Nor is Davis listed as a covered driver in the policy Declarations.

23.

The 2011 Hyundai that Davis was driving at the time of the December 25, 2020, accident is not listed as a covered vehicle in the policy Declarations.

24.

At the time of the December 25, 2020, accident, the 2011 Hyundai that Davis was driving was insured under a policy of auto insurance issued by Geico, Policy No. 6044325170.

25.

A true and correct copy of the Declarations page for the Geico policy insuring the 2011 Hyundai is attached hereto as Exhibit C. As shown on the Declarations, Davis rejected uninsured motorist coverage for the 2011 Hyundai.

26.

A true and correct copy of the Georgia Motor Vehicle Crash Report for the December 25, 2020, accident is attached hereto as Exhibit D. As shown on the report, Davis' resident address at the time of the accident was 405B Bessie Mays Circle, Americus, Georgia 31709.

27.

At the time of the December 25, 2020, accident, Davis was not a resident of the household of Theresa Davis.

28.

Although Davis is related to Theresa Davis, who is the Named Insured under the Travelers Policy, she was not a "resident relative" of Theresa Davis' household at the time of the December 25, 2020, accident.

29.

Because Davis does not meet the policy definition of a "resident relative", and because she was not using a "covered auto" at the time of the accident, Davis does not qualify as an "insured" under the Travelers Policy with respect to the December 25, 2020, accident. For that reason, the Travelers Policy does not provide UM coverage to Davis for the December 25, 2020, accident.

30.

Travelers is of the opinion that the Travelers Policy does not provide UM coverage to Davis because she does not qualify as an "insured" under the Travelers Policy, and has notified Davis that she is not entitled to UM coverage under the Travelers Policy.  However, Davis has continued to claim coverage under the Travelers Policy, and has served Travelers as a putative UM insurer in

the Underlying Action.  Travelers is therefore uncertain with respect to its duties and obligations under the policy.

31.

Travelers seeks a declaration from this Court that it has no obligation to provide UM coverage to Davis pursuant to the Travelers Policy (Policy No. 600882740 203 1) for the December 25, 2020, accident, including the claims asserted in the Underlying Action.

32.

An actual controversy has arisen and now exists between Travelers and defendant concerning whether the Travelers Policy provides UM coverage to Davis for the December 25, 2020, accident, including the claims she has asserted in the Underlying Action.

WHEREFORE, plaintiff The Travelers Property Casualty Insurance Company prays as follows:

    a.    That process and summons issue against defendant and that defendant be served as required by law;

    b.    That the Court declare that plaintiff The Travelers Property Casualty Insurance Company has no obligation to provide uninsured motorist coverage to Davis, or pay any judgment that may be

entered in her favor, for the December 25, 2020, motor vehicle accident, including, but not limited to, the claims asserted in the Underlying Action now pending in the State Court of Sumter County, Georgia, as Case No. 22SV00115;

c. That plaintiff recover its costs in filing this action; and

d. That plaintiff be awarded all other relief to which it is entitled.

This 17th day of February, 2023.

**SWIFT CURRIE MCGHEE & HIERS, LLP**

*/s/ David M. Atkinson*
_____
David M. Atkinson
Georgia Bar No. 026460
Sarah R. Daley
Georgia Bar No. 644153
*Attorneys for Plaintiff Travelers Property Casualty Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
404-874-8800
david.atkinson@swiftcurrie.com
sarah.daley@swiftcurrie.com